UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
(MILWAUKEE DIVISION)

NANCY DEWEY, individually and as trustee
for THE NANCY DEWEY LIVING TRUST,
THE NANCY DEWEY 2015 NEA GRANTOR RETAINED
ANNUITY TRUST, THE NANCY DEWEY 2015 P&D
GRANTOR RETAINED ANNUITY TRUST, THE
IRREVOCABLE TRUST FOR THE GRANDCHILDREN
OF NANCY AND DOUGLAS DEWEY, and
JOHN DEWEY individually and as trustee for
THE JOHN D. DEWEY LIVING TRUST,                    Case No. _____
THE JOHN D. DEWEY IRREVOCABLE
CHILDREN'S TRUST, THE ABIGAIL
DEWEY IRREVOCABLE TRUST, THE ERIN
DEWEY IRREVOCABLE TRUST,
THE IAN DEWEY IRREVOCABLE TRUST,
THE SHEAMUS DEWEY IRREVOCABLE TRUST,
THE ABIGAIL DEWEY DESCENDANT'S TRUST,
THE ERIN DEWEY DESCENDANT'S TRUST,
THE IAN DEWEY DESCENDANT'S TRUST,
THE SEPARATE TRUSTS FOR IAN DEWEY,
SHEAMUS DEWEY, ERIN DEWEY AND ABIGAIL DEWEY, and
THE SHEAMUS DEWEY DESCENDANT'S TRUST,

                    Plaintiffs,

v.

KURT BECHTHOLD, MARK FILMANOWICZ, DAVID BECHTHOLD,
JOHN G. SORENSON, PAYNE & DOLAN, INC., NORTHEAST ASPHALT,
INC., CONSTRUCTION RESOURCES MANAGEMENT, INC., ZENITH TECH,
INC., and TIMBERSTONE OF RICHFIELD, INC.,

                    Defendants.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SEAL
CERTAIN DOCUMENTS OR PORTIONS OF DOCUMENTS**

To:    The above-named defendants.

## NOTICE OF MOTION

PLEASE TAKE NOTICE that the above-named Plaintiffs, by and through their attorneys, Kravit, Hovel & Krawczyk, s.c. and Gibson Dunn & Crutcher, LLP, and pursuant to United States District Court for the Eastern District of Wisconsin General Local Rule 79(d), will move the Court for an order sealing certain documents or portions of documents filed in the above-captioned matter. This Motion shall be heard at a date and time to be set by the Court, in the courtroom usually occupied by the Court at the United States Federal Courthouse for the Eastern District of Wisconsin, Milwaukee Division, located at 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202.

## MOTION

Plaintiffs, by and through their attorneys, Kravit, Hovel & Krawczyk, s.c. and Gibson Dunn & Crutcher, LLP, and pursuant to United States District Court for the Eastern District of Wisconsin General Local Rule 79(d), move the Court for an order sealing the following documents or certain portions thereof in the above-captioned matter:

- Complaint – seal only redacted portion
- Exhibit C to the Declaration of Brian M. Lutz – seal only redacted portion
- Exhibit L to the Declaration of Brian M. Lutz – seal only redacted portion
- Declaration of Gina Edwards – seal only redacted portion
- Exhibit A to the Declaration of Gina Edwards – seal only redacted portion

The reasons and grounds for this Motion are as follows:

1. On November 1, 2018, Plaintiffs filed suit against Defendants to protect their rights as minority shareholders in the defendant companies—an interrelated group of highly successful, family-owned corporations that dominate the asphalt production and road and bridge

construction business in Wisconsin (collectively, the "Companies"). Plaintiffs want to sell their minority shareholder interests in the Companies, but Defendants are preventing them from obtaining fair value for their interests by, among other things, concealing the Companies' assets, manipulating the book value of the Companies through various accounting schemes, and refusing to disclose to Plaintiffs the accounting records that they are entitled to review as long-time minority shareholders in the Companies. Plaintiffs assert claims based on fraud, shareholder oppression, breach of fiduciary duty, and statutory violations, and seek declaratory relief related to certain transfer restrictions that Defendants are using to prevent Plaintiffs from obtaining fair market value for their shares.

2. On November 1, Plaintiffs also moved the Court for the appointment of a receiver for the limited purpose of conducting a forensic accounting investigation into the Companies' accounting records, identifying any and all assets owned by the Companies and determining whether any Company assets have been used to purchase, establish, or support operations or businesses outside Plaintiffs' ownership, and determining and verifying the value of Plaintiffs' minority shareholder interests. Alternatively, Plaintiffs moved the Court for an order requiring Defendants to permit Plaintiffs to inspect and copy the Companies' accounting records and awarding Plaintiffs' costs and expenses incurred in obtaining the order. In support of the motion, Plaintiffs filed a memorandum and supporting declarations and exhibits.

3. The above-referenced filings and documents include certain information related to the Companies that may not be publicly available and that the Companies have maintained as confidential, including financial information and information related to the Companies' assets. Plaintiffs believe that Defendants may consider this information confidential

and seek to keep the above-referenced documents, or portions thereof, sealed in order to prevent its disclosure to the public.

4. Consistent with the local rules, Plaintiffs have publically filed versions of these documents that redact the portions that Plaintiffs are requesting to be sealed, while filing unredacted versions under seal until the Court considers this Motion. Plaintiffs' request to seal these documents is made out of an abundance of caution, and Plaintiffs take no position on the continued sealing of these documents. Plaintiffs have no objection to unsealing these materials at Defendants' request.

5. Plaintiffs filed the above-referenced documents with their initial pleadings in this case. As a result, Plaintiffs did not have an opportunity to meet and confer with Defendants in an attempt to avoid the Motion or limit its scope prior to filing. However, Plaintiffs will meet and confer with Defendants prior to the deadline by which Defendants must file a response to the Motion and/or the Court's decision on the Motion.

WHEREFORE, Plaintiffs respectfully request that the Court seal the documents or portions of documents identified herein until Defendants have an opportunity to be heard and the Court rules on the Motion.

Dated: November 1, 2018

Respectfully submitted,

/s/ *Stephen E. Kravit*

Brian M. Lutz (*admission pending*)
Gibson Dunn & Crutcher LLP
200 Park Avenue, 48th Floor
New York, New York 10166
Telephone: (212) 351-4000
BLutz@gibsondunn.com

Stephen E. Kravit
Benjamin R. Prinsen
Stuart J. Check
Kravit, Hovel & Krawczyk s.c.
825 North Jefferson - Fifth Floor
Milwaukee, WI 53202
(414) 271-7100 - Telephone
kravit@kravitlaw.com
brp@kravitlaw.com
sjc@kravitlaw.com