UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
(MILWAUKEE DIVISION)

NANCY DEWEY, individually and as trustee
for THE NANCY DEWEY LIVING TRUST,
THE NANCY DEWEY 2015 NEA GRANTOR RETAINED
ANNUITY TRUST, THE NANCY DEWEY 2015 P&D
GRANTOR RETAINED ANNUITY TRUST, THE
IRREVOCABLE TRUST FOR THE GRANDCHILDREN
OF NANCY AND DOUGLAS DEWEY, and
JOHN DEWEY individually and as trustee for
THE JOHN D. DEWEY LIVING TRUST,          Case No. 2:18-cv-01739
THE JOHN D. DEWEY IRREVOCABLE
CHILDREN'S TRUST, THE ABIGAIL
DEWEY IRREVOCABLE TRUST, THE ERIN
DEWEY IRREVOCABLE TRUST,
THE IAN DEWEY IRREVOCABLE TRUST,
THE SHEAMUS DEWEY IRREVOCABLE TRUST,
THE ABIGAIL DEWEY DESCENDANT'S TRUST,
THE ERIN DEWEY DESCENDANT'S TRUST,
THE IAN DEWEY DESCENDANT'S TRUST,
THE SEPARATE TRUSTS FOR IAN DEWEY,
SHEAMUS DEWEY, ERIN DEWEY AND ABIGAIL DEWEY, and
THE SHEAMUS DEWEY DESCENDANT'S TRUST,

        Plaintiffs,

v.

KURT BECHTHOLD, MARK FILMANOWICZ, DAVID BECHTHOLD,
JOHN G. SORENSON, PAYNE & DOLAN, INC., NORTHEAST ASPHALT,
INC., CONSTRUCTION RESOURCES MANAGEMENT, INC., ZENITH TECH,
INC., and TIMBERSTONE OF RICHFIELD, INC.,

        Defendants.

**JOINT RULE 26(f) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Notice of Rule 16(b) Conference, counsel for the parties in the above-captioned action participated in a Rule 26(f) conference by telephone on December 17, 2018 regarding a discovery plan and case schedule. The parties submit this joint discovery plan in advance of the scheduling conference set for January 7, 2019.

1. **Concise Statement of Nature of Case.**

Plaintiffs Nancy and John Dewey, individually and on behalf of various trusts, commenced this action against Defendants, a family owned and run group of companies started by Nancy's father, John's grandfather, and certain current and former directors and officers of those companies. Plaintiffs allege that Defendants have failed to provide Plaintiffs with the information they need to value their ownership interests in the companies, that information provided by the Defendants has failed to disclose highly valuable assets held by the companies, and that Defendants are improperly blocking Plaintiffs' efforts to sell their interests in the companies. Plaintiffs assert various causes of action, including fraud, oppression, breach of fiduciary duty, violation of the Wisconsin's books and records statute, and a declaratory judgment that a share transfer restriction in the Defendant company bylaws is invalid and unenforceable. Plaintiffs also seek appointment of a limited receiver and have filed motion in support of their request for a receiver to identify information at the Companies sufficient to permit a fair valuation of Plaintiffs' shares in the Companies.

Defendants deny that they are liable on any of Plaintiffs' claims and deny that Plaintiffs are entitled to any relief. Defendants assert that Plaintiffs' complaint fails to state a claim upon which relief can be granted, and even if the complaint stated a claim, that claim would be barred by claim and issue preclusion. Defendants contend that Plaintiff John Dewey filed a suit asserting several of the same claims against certain of the same Defendants in

Waukesha County Circuit Court in 2013. In that case, the circuit court stayed the proceeding pending a special litigation committee's investigation into Dewey's claims. Based on the committee's report and its conclusion, and pursuant to Wis. Stat. § 180.0744(1), the Court dismissed the derivative claims. After allowing Plaintiff John Dewey to amend his complaint, the Court later dismissed all claims on the merits. Defendants will argue that several of Plaintiffs' current claims are barred by the preclusion doctrines because they were or could have been brought in the Waukesha County case or because they are inconsistent with facts and law determined in resolving the earlier case. Defendants also assert that Plaintiffs have also failed to follow the demand requirement under Wis. Stat. § 180.0742, a prerequisite to commencing their claims. Finally, Plaintiffs are not entitled to the corporate records that they seek.

      2.      **Proposed Discovery and Scheduling Order Plan**.

**Plaintiffs' Proposal:**

Plaintiffs oppose any stay of discovery, contending that the Court should rule on the Motion for Appointment of a Receiver promptly, which they believe would resolve a fundamental issue in this case. Plaintiffs contend that this is not a derivative case because this is a case brought directly by shareholders of the Companies seeking relief that is unique to them and in no way designed to provide a benefit or recovery to all shareholders of the Companies.

| Event | Date |
|---|---|
| Parties Serve Rule 26(a)(1) Initial Disclosures | January 14, 2019 |
| Deadline for Defendants to respond to Complaint and file Opposition to Motion for Appointment of a Receiver<br><br>Deadline for Defendants to file motion seeking stay of discovery | January 14, 2019 |

3

4820-9890-9828.1

Case 2:18-cv-01739-JPS  Filed 12/31/18  Page 3 of 9  Document 23

| | |
|---|---|
| Deadline for Plaintiffs to file Reply in support of Motion for Appointment of a Receiver | January 31, 2019 |
| Deadline for Plaintiffs to file Opposition to Motion to Dismiss and Opposition to Motion to stay discovery | February 11, 2019 |
| Deadline to amend pleadings | February 15, 2019 |
| Deadline for Defendants to file Reply in support of Motion to Dismiss and Reply in support of Motion to stay discovery | March 4, 2019 |
| Deadline for the close of fact discovery | August 2, 2019 |
| Disclosure of experts and submission of written expert reports – party with the burden of persuasion on an issue | August 23, 2019 |
| Disclosure of experts and submission of written expert reports – response reports | September 23, 2019 |
| Deadline for close of expert discovery | October 4, 2019 |
| Dispositive motions (briefing to be governed by Local Rule Civil L.R. 56(b)) | November 1, 2019 |
| Trial | January 13, 2020 |

**Defendants' Proposal:**

Defendants intend to file both a motion to dismiss and a motion to stay discovery until the motion to dismiss is decided. The motion to dismiss will be based on, among other things, Plaintiffs' failures to make the required derivative demand; Plaintiffs' failure to state a claim regarding entitlement to additional corporate records; and claim and issue preclusion arising from the judgment in the prior state-court litigation.

A stay of discovery pending a corporation's investigation into derivative claims is contemplated by the chapter of the Wisconsin statutes that permits derivative claims. *See* Wis. Stat. § 180.0743. Defendants contend that a stay is particularly appropriate here because the ultimate issue in several of Plaintiffs' claims is whether Plaintiffs are entitled to additional

4

4820-9890-9828.1
Case 2:18-cv-01739-JPS   Filed 12/31/18   Page 4 of 9   Document 23

corporate records; they should not be permitted to obtain, through discovery, the records they seek until the Court decides whether Plaintiffs are entitled to the records in the first place.

In the event that the motion to dismiss is denied in whole or in part, fact discovery should close six months after the decision on the motion to dismiss, with expert and dispositive motion deadlines to follow the close of fact discovery.

3. **Discovery Issues**

   a. **Interrogatories, Depositions and Requests for Admission.**

Subject to modification by the Court upon application by either party for good cause shown, the parties' positions on the number of depositions that may be needed in this case are as follows: Plaintiffs believe it may be necessary for more than 10 depositions to be taken. Defendants believe that it will not be necessary for either Plaintiffs or Defendants to take more than 10 depositions. Depositions of experts shall be in addition to these limits and shall not be counted toward the exhaustion of these limits.

Interrogatories will be served in conformity with Civil L.R. 33. There will be no limit on the number of requests for admission or requests for production of documents that can be served, subject to the parties' general obligation to avoid serving unduly burdensome or unnecessary discovery.

Plaintiffs anticipate that there may be a need to obtain documents and electronically stored information ("ESI") from nonparties. Defendants do not believe that such discovery will be necessary.

   b. **Production of Documents and Electronically Stored Information.**

The parties anticipate that there will be some discovery of electronically stored information ("ESI") in this case. The parties agree to the following general parameters concerning discovery of ESI:

5

- In producing documents, the parties will make a good faith effort to avoid production of duplicative ESI.

- Each party shall bear its own costs associated with the production of discovery, absent a court order to the contrary.

- In addition to the ESI protocol, the parties intend to enter into an agreed protective order and will provide the Court with a draft order for review and signature at a later date, as indicated below.

- The parties recognize that the protective order they are seeking will have an impact on ESI and, to the extent applicable, will control over any provisions in this report that conflict with it.

- The parties shall produce responsive documents that are electronically maintained in the ordinary course of business and, where practicable, other documents, in searchable TIF files, with document control identifiers on each page.

   c. **Claims of Privilege and Privilege Logs.**

The parties agree that Federal Rule of Civil Procedure 26(b)(5) shall govern claims of privilege and privilege logs, provided that the parties need not identify on any privilege log a document created after the date on which this lawsuit was filed. The parties agree that if a disclosing party inadvertently produces privileged materials, it must notify the requesting party of such disclosure within a reasonable time. After the requesting party has been notified, it must return or destroy all information and copies of the inadvertently disclosed material and may not use or disclose such information until the claim of privilege has been resolved.

   d. **Subjects on Which Discovery May Be Needed.**

Plaintiffs anticipate that discovery may be needed with respect to various subjects, including, without limitation, business, operational, banking and financial information related to the Defendant Companies; assets owned by Defendants; interests of the Defendant Companies in other companies and joint ventures; accounting records for the Defendant Companies and supporting documentation thereof; projections, forecasts, and business plans of the Defendant

6

Companies; material contracts to which the Defendant Companies are a party; the Individual Defendants' conduct in managing the Defendant Companies and recording assets and maintaining accounting records; and book value and fair market value valuations related to the ownership interests in the Defendant Companies.

Defendants anticipate that discovery will be needed with respect to the Plaintiffs' efforts, if any, to sell their shares in the Defendant companies and as to the extent of Plaintiff Nancy Dewey's involvement in and support for Plaintiff John Dewey's prior state court action.

4. **Electronic Service of Documents and Computing Response Time.**

   a. **Electronic Service.**

   With respect to documents not served through the Court's ECF system, the parties agree that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(D) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful. Electronic service shall constitute service (i) on the day of transmission if that transmission is completed on or before 5:00 p.m. on such day, or (ii) on the following day if that transmission is completed after 5:00 p.m. on such day. The Local Rules of this Court shall govern the calculation of deadlines triggered by the service of motions and other documents served through the ECF system, in the absence of a court order specifying such deadlines.

   b. **Electronic Copies.**

   The parties agree that copies of all written discovery requests shall be provided and/or served electronically in editable form (*e.g.,* in Microsoft Word) and that copies of all proposed findings of fact shall be provided and/or served electronically in editable form (*e.g.,* Microsoft Word).

5. **Protective Order**.

The parties will seek from the Court the entry of a protective order governing confidential information, and anticipate that they will provide a proposed stipulated protective order to the Court prior to the Rule 16(b) Scheduling Conference.

6. **Trial**.

Plaintiffs request a jury trial. Defendants believe that Plaintiffs are not entitled to a jury trial as to some or all of their claims. The parties estimate that it will take 5 days to try this case.

7. **Prospects for Settlement.**

There have been no settlement discussions since the start of this lawsuit. The parties engaged in settlement discussions at various times during the past five years without success.

Respectfully submitted this 31st day of December, 2018.

| KRAVIT, HOVEL & KRAWCZYK S.C. | FOLEY & LARDNER LLP |
|---|---|
| *s/ Stephen E. Kravit* | *s/ Thomas L. Shriner, Jr.* |
| Stephen E. Kravit | Thomas L. Shriner, Jr. |
| WI State Bar No. 1016306 | WI State Bar No. 1015208 |
| Benjamin R. Prinsen | Bryan B. House |
| WI State Bar No. 1074311 | WI State Bar No. 1022054 |
| Stuart J. Check | Philip C. Babler |
| WI State Bar No. 1096287 | WI State Bar No. 1070437 |
| 825 North Jefferson - Fifth Floor | Anne-Louise T. Mittal |
| Milwaukee, WI 53202 | State Bar No. 1095464 |
| (414) 271-7100 - Telephone | 777 E. Wisconsin Avenue |
| (414) 271-8135 - Facsimile | Milwaukee, WI 53202 |
| kravit@kravitlaw.com | (414) 271-2400 - Telephone |
| brp@kravitlaw.com | (414) 297-4900 - Facsimile |
| sjc@kravitlaw.com | tshriner@foley.com |
| *Attorneys for Plaintiffs* | bhouse@foley.com |
| | pcbabler@foley.com |
| | amittal@foley.com |
| | *Attorneys for Defendants* |

| | |
|---|---|
| GIBSON DUNN & CRUTCHER LLP | O'Neil Cannon Hollman DeJong & Laing |
| *s/Brian M. Lutz* | *s/ Dean P. Laing* |
| Brian M. Lutz (*admission pending*) | Dean P. Laing |
| 200 Park Avenue, 48th Floor | WI State Bar No. 1000032 |
| New York, New York 10166 | 111 E. Wisconsin Avenue, Ste. 1400 |
| Telephone: (212) 351-4000 | Milwaukee, WI 53202 |
| BLutz@gibsondunn.com | (414) 276-5000 - Telephone |
| *Attorneys for Plaintiffs* | (414) 276-6581 - Facsimile |
| | dean.laing@wilaw.com |
| | *Attorney for Defendant, John G. Sorenson* |