# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NANCY DEWEY, THE NANCY DEWEY LIVING TRUST, THE NANCY DEWEY 2015 NEA GRANTOR RETAINED ANNUITY TRUST, THE NANCY DEWEY 2015 P&D GRANTOR RETAINED ANNUITY TRUST, THE IRREVOCABLE TRUST FOR THE GRANDCHILDREN OF NANCY AND DOUGLAS DEWEY, JOHN DEWEY, THE JOHN D. DEWEY LIVING TRUST, THE JOHN D. DEWEY IRREVOCABLE CHILDREN'S TRUST, THE ABIGAIL DEWEY IRREVOCABLE TRUST, THE ERIN DEWEY IRREVOCABLE TRUST, THE IAN DEWEY IRREVOCABLE TRUST, THE SHEAMUS DEWEY IRREVOCABLE TRUST, THE ABIGAIL DEWEY DESCENDANTS TRUST, THE ERIN DEWEY DESCENDANTS TRUST, THE IAN DEWEY DESCENDANTS TRUST, THE SEPARATE TRUSTS FOR IAN DEWEY, SHEAMUS DEWEY, ERIN DEWEY, ABIGAIL DEWEY, and THE SHEAMUS DEWEY DESCENDANTS TRUST, <br><br>                Plaintiffs, <br><br>v. <br><br>KURT BECHTHOLD, MARK FILMANOWICZ, DAVID BECHTHOLD, JOHN G. SORENSON, PAYNE & DOLAN INC., NORTHEAST ASPHALT INC., CONSTRUCTION RESOURCES MANAGEMENT INC., ZENITH TECH INC., and TIMBERSTONE OF RICHFIELD INC., <br><br>                Defendants. | Case No. 18-CV-1739-JPS <br><br><br>**ORDER** |

On November 1, 2018, Plaintiffs filed the above-captioned case in this Court. (Docket #1). On January 14, 2019, defendant John G. Sorenson ("Sorenson") and the remaining defendants ("Defendants") filed motions to dismiss for failure to state a claim. (Docket #27 and #29). Under Civil Local Rule 7(b), Plaintiffs' opposition to the motions would have been due within 21 days of service, on February 4, 2019. However, the parties agreed to a February 11, 2019 deadline for Plaintiffs to respond. (Docket #23 at 4). On February 11, 2019, in lieu of an opposition, Plaintiffs filed their first amended complaint. (Docket #45); *see also* Fed. R. Civ. P. 15(a)(1)(B) (permitting an amended complaint once as a matter of course within 21 days after service of a Rule 12(b) motion).

Plaintiff's first amended complaint is now the operative complaint. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Generally, the filing of an amended complaint moots a pending motion to dismiss. *See Felde v. Milwaukee Cty.*, 2018 WL 6033494, at *2 (E.D. Wis. Nov. 16, 2018) (noting that "because [the plaintiffs'] first amended complaint is now the operative complaint, the defendants' first motion to dismiss. . .will be denied as moot."); *H-D USA LLC v. Mayo*, 2015 WL 12964666, at *5 (E.D. Wis. Dec. 8, 2015) (noting that "filing an amended complaint mooted [the defendants'] first motion to dismiss [the] original complaint.").

It appears that Plaintiffs' amended complaint addresses a number of arguments raised in Sorenson's and Defendants' motions to dismiss. For example, Plaintiffs have dropped Sorenson from the action, thereby mooting his motion to dismiss entirely. Additionally, Plaintiffs have included language in the amended complaint in response to various arguments raised in Defendants' motion to dismiss. If any arguments addressed in Defendants' original motion to dismiss remain viable,

Defendants should notify the Court by filing a renewed motion to dismiss, with updated citations to the amended complaint, on or before March 11, 2019. Of course, Defendants may also assert any new, affirmative defenses in response to the amended complaint. *Massey*, 196 F.3d at 735.

Accordingly,

**IT IS ORDERED** that John G. Sorenson's motion to dismiss for failure to state a claim (Docket #27) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that John G. Sorenson be and the same is hereby **DISMISSED** from the action;

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss for failure to state a claim (Docket #29) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Defendants file a response or renewed motion to dismiss with updated citations to the amended complaint by March 11, 2019.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge