# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NANCY DEWEY individually and as a trustee, THE NANCY DEWEY LIVING TRUST, THE NANCY DEWEY 2015 NEA GRANTOR RETAINED ANNUITY TRUST, THE NANCY DEWEY 2015 P&D GRANTOR RETAINED ANNUITY TRUST, THE IRREVOCABLE TRUST FOR THE GRANDCHILDREN OF NANCY AND DOUGLAS DEWEY, JOHN DEWEY individually and as a trustee, THE JOHN D. DEWEY LIVING TRUST, THE JOHN D. DEWEY IRREVOCABLE CHILDREN'S TRUST, THE ABIGAIL DEWEY IRREVOCABLE TRUST, THE ERIN DEWEY IRREVOCABLE TRUST, THE IAN DEWEY IRREVOCABLE TRUST, THE SHEAMUS DEWEY IRREVOCABLE TRUST, THE ABIGAIL DEWEY DESCENDANTS TRUST, THE ERIN DEWEY DESCENDANTS TRUST, THE IAN DEWEY DESCENDANTS TRUST, THE SEPARATE TRUSTS FOR IAN DEWEY, SHEAMUS DEWEY, ERIN DEWEY, ABIGAIL DEWEY, and THE SHEAMUS DEWEY DESCENDANTS TRUST, | Case No. 18-CV-1739-JPS |
| Plaintiffs, | |
| v. | |
| KURT BECHTHOLD, MARK FILMANOWICZ, DAVID BECHTHOLD, PAYNE & DOLAN, INC., NORTHEAST ASPHALT, INC., CONSTRUCTION RESOURCES MANAGEMENT, INC., ZENITH TECH, INC., and TIMBERSTONE OF RICHFIELD, INC., | **ORDER** |
| Defendants. | |

On May 29, 2019, Plaintiffs filed an expedited, non-dispositive motion to compel certain accounting documents from Defendants. (Docket #80). Defendants timely objected to the motion on the grounds that this Court does not have jurisdiction over aspects of the litigation that are involved in the appeal; that the phrase "accounting records" was not defined; and that the requests are out of proportion because they are unlimited as to time. (Docket #81 at 2–4).

A notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000) (finding that a district court had no jurisdiction to accept an amended complaint when the appeals court was deciding whether a defendant was entitled to qualified immunity based on allegations in the original complaint); *Kusay v. United States*, 62 F.3d 192, 193–94 (7th Cir. 1995) (holding that a district court retains jurisdiction over issues ancillary to the appeal). The Court has made it very clear that it does not believe that Defendants' interlocutory appeal is meritorious. *See* (Docket #75). The Court has also stressed that the material at issue would be subject to discovery for other claims in the litigation. *Id.* at 18. Nevertheless, Plaintiffs' single request for production, (Docket #79-1 at 9–10), is virtually identical to the subject currently on appeal; *i.e.*, the documents in the inspection demand. If, as the Court suspects, the Court of Appeals lacks jurisdiction over the issue, then there would be no issue if this Court ordered Defendants to comply with the request. However, until that is resolved, the Court can only address matters ancillary to the issue on appeal. The Court

is unable to find that the request for production is ancillary to the issue on appeal.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to compel (Docket #80) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of June, 2019.

BY THE COURT:

_____
J.P Stadtmueller
U.S. District Judge