UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NANCY DEWEY individually and as a trustee, THE NANCY DEWEY LIVING TRUST, THE NANCY DEWEY 2015 NEA GRANTOR RETAINED ANNUITY TRUST, THE NANCY DEWEY 2015 P&D GRANTOR RETAINED ANNUITY TRUST, THE IRREVOCABLE TRUST FOR THE GRANDCHILDREN OF NANCY AND DOUGLAS DEWEY, JOHN DEWEY individually and as a trustee, THE JOHN D. DEWEY LIVING TRUST, THE JOHN D. DEWEY IRREVOCABLE CHILDREN'S TRUST, THE ABIGAIL DEWEY IRREVOCABLE TRUST, THE ERIN DEWEY IRREVOCABLE TRUST, THE IAN DEWEY IRREVOCABLE TRUST, THE SHEAMUS DEWEY IRREVOCABLE TRUST, THE ABIGAIL DEWEY DESCENDANTS TRUST, THE ERIN DEWEY DESCENDANTS TRUST, THE IAN DEWEY DESCENDANTS TRUST, THE SEPARATE TRUSTS FOR IAN DEWEY, SHEAMUS DEWEY, ERIN DEWEY, ABIGAIL DEWEY, and THE SHEAMUS DEWEY DESCENDANTS TRUST, | Case No. 18-CV-1739-JPS<br><br>**ORDER** |
| Plaintiffs, | |
| v. | |
| KURT BECHTHOLD, MARK FILMANOWICZ, DAVID BECHTHOLD, PAYNE & DOLAN, INC., NORTHEAST ASPHALT, INC., CONSTRUCTION RESOURCES MANAGEMENT, INC., ZENITH TECH, INC., and TIMBERSTONE OF RICHFIELD, INC., | |
| Defendants. | |

On February 11, 2019 the plaintiffs in this action filed an amended complaint alleging fraud and violations of Wisconsin state law in connection with their rights as shareholders. (Docket #45). On April 25, 2019, the defendants filed an amended answer to the complaint. (Docket #69). Two defendants, Kurt Bechthold ("Kurt") and Mark Filmanowicz ("Mark") (collectively, "Defendants"), included a counterclaim against John Dewey ("John"), alleging unauthorized use of personal identifying information in violation of Wis. Stat. § 943.201. *Id.* at 21. On May 16, 2019, John timely filed a motion to dismiss the counterclaim.[1] (Docket #72). The motion to dismiss is fully briefed. For the reasons stated below, John's motion will be granted.

1. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b) provides for dismissal of complaints which, among other things, fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak v. City of Chi.*, 810 F.3d 476, 480 (7th Cir. 2016) (citation omitted). Plausibly requires "more than a sheer possibility that a

---

[1] "A party must serve an answer to a counterclaim. . .within 21 days after being served with the pleading that states the counterclaim." Fed. R. Civ. P. 12(a)(1)(B). The pleading that stated the counterclaim was filed on April 25, 2019. (Docket #69). John filed his motion to dismiss on May 16, 2019. (Docket #72). Therefore, the motion to dismiss was timely filed within 21 days of service of "the pleading that states the counterclaim." Fed. R. Civ. P. 12(a)(1)(B).

defendant has acted unlawfully." *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (citations and quotations omitted). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citations and quotations omitted).

**2. RELEVANT FACTS**

Defendants allege that John hired an unknown person to conduct a secret investigation of their personal and confidential financial information. On one or more occasions, either John or this person pretended to be Kurt in order to gain such information from financial institutions, including Charles Schwab & Co ("Schwab"), where Defendants held an account.

Specifically, Defendants claim that on at least one unknown occasion in 2014, "John or a person whom he had hired telephoned Schwab, representing that the caller was Kurt Bechthold and fraudulently using Kurt Bechthold's name, date of birth, and certain phone numbers associated with the account, tried to persuade Schwab to provide him with financial information about the account." (Docket #69 ¶ 135). Defendants further allege that John and his hired investigator engaged in this conduct "at other financial institutions and, on at least one occasion, obtained the private and confidential financial information" of Kurt and Mark. *Id.* ¶ 136.

Defendants' factual basis for the claim rests on John's response to an interrogatory, in which John admitted that he had "commissioned a search of the top fifty brokerage houses in the United States, including online brokers," in order to get "financial information" about Kurt and Mark, and

that he had received such "financial information" about them from Schwab. *Id.* ¶ 138. Defendants claim that any such "financial information" that John could have received from Schwab would have been confidential, and would only have been disclosed if the requester of such information had pretended to be either Kurt or Mark by using their personal identifying information. Defendants also allege, generally, that John "unreasonably invaded [their] right of privacy and otherwise violated Wisconsin law." *Id.* ¶ 137. Similarly, they allege that they have "suffered damage and loss by reason of John's intentional conduct." *Id.* ¶ 139.

3.   **ANALYSIS**

Under Wis. Stat. § 943.201(2), it is a felony if a person

> intentionally uses, attempts to use, or possesses with intent to use any personal identifying information. . .without the authorization or consent of the individual and by representing that he or she is the individual, that he or she is acting with the authorization or consent of the individual, or that the information or document belongs to him or her. . .

in order to obtain anything "of value or benefit" or "harm the reputation, property, person, or estate of the individual." Personally identifying information can include an individual's name, address, telephone number, social security number, place of employment, mother's maiden name, or any other "information or data that is unique to, assigned to, or belongs to an individual and that is intended to be used to access services, funds, or benefits of any kind to which the individual is entitled." Wis. Stat. § 943.201(1)(b). "Any person who suffers damage or loss" as a result of a violation of Wis. Stat. § 943.201 "has a cause of action against the person who caused the damage or loss." Wis. Stat. § 895.446(1). A conviction is not

required; a person need only allege, and eventually prove by a preponderance of the evidence, the elements of the predicate statute. *Id.* at § 895.446(2). Prevailing parties may recover actual damages, costs of investigation and litigation, and exemplary damages of no more than three times the actual damages. *Id.* at § 895.446(3). Parties do not need to allege actual monetary damages in order to bring suit. *See Ardor Agency LLC v. Imperium Intelligence, Inc.*, No. 08-C-812, 2009 WL 742758, at *3 (E.D. Wis. Mar. 18, 2009) (awarding declaratory and injunctive relief, plus attorneys' fees and costs, under Wis. Stat. § 895.446(3)(b)). However, they must allege some form of injury. *Id.* at *1 (alleging improper retention and use of confidential information after breakdown of non-disclosure agreement); Wis. Stat. § 895.446(1) (stating that the cause of action is available to anyone who suffers "damages or a loss" as a result of the predicate violation).[2]

---

[2] There is an issue as to which statute of limitation applies. Wis. Stat. § 893.93(1m)(a) applies to "an action upon a liability created by statute when a different limitation is not prescribed by law," while Wis. Stat. § 893.57 applies to intentional torts such as "invasion of privacy." This issue is unlikely to arise in the future because both statutes currently prescribe a three-year limitations period. However, in 2014, Wis. Stat. § 893.93(1m) provided for a *six*-year limitations period, and "the statute of limitations that applies is the one in effect when the claim for relief accrued." *John Doe v. Archdiocese of Milwaukee*, 734 N.W.2d 827, 834 (Wis. 2007). In Wisconsin, a tort claim does not accrue until the cause of the injury is discovered or should have been discovered with reasonable diligence. *Stuart v. Weisflog's Showroom Gallery, Inc.*, 746 N.W.2d 762, 769 (Wis. 2008). Defendants allege that they discovered John's involvement in the tort in April, 2019. (Docket #69 ¶ 138). However, Defendants fail to allege that they had no reason to know of John's involvement sooner, or that they were reasonably diligent in their efforts to determine the identity of the person who committed the tort in 2014. Because of this, the Court concludes that the cause of action accrued in 2014, and must determine which statute of limitation applies. Given the applicability of either statute and the lack of instructive precedent on this issue, the Court will apply the six-year limitations period in order to hear the claim.

Defendants have not pleaded any facts that, if true, state a claim against John that he intentionally used, without authorization, Kurt's personal information in order to obtain a thing of value.

Defendants invite the Court to accept this logical sequence:

(1) John obtained Kurt and Mark's confidential financial information from Schwab.

(2) Schwab only discloses confidential financial information after a requestor inputs personal identification information.

(3) Therefore, John used Kurt or Mark's personal identification information in order to obtain their confidential financial information from Schwab.

The Court can only reasonably draw the inference manifested in (3) if Defendants allege well-pleaded facts that support (1) and (2). *Kubiak*, 810 F.3d at 480–81. Defendants sufficiently pled that Schwab only discloses confidential information after personal information such as names, birthdates, and phone numbers associated with the account are input. (Docket #69 ¶¶ 132, 135). But the factual bases for the first allegation—i.e., that the information John obtained was confidential—are severely lacking.[3]

Defendants allege that John commissioned a search of top U.S. brokerage houses, through which he obtained unspecified "financial

---

[3]In their opposition, Defendants inform the Court that their counterclaim also includes an invasion of privacy or trespass claim, based on the conclusory allegation that John "also unreasonably invaded Kurt. . .and [Mark]'s right of privacy and otherwise violated Wisconsin law." (Docket #69 ¶ 137). There are no facts in the complaint to support or put John on notice about this claim. If Defendants wish to amend their counterclaim to include the facts alleged in their opposition (Docket #83 at 2 n.1), they may attempt to do so. But John cannot be faulted for not moving to dismiss this claim because it was never actually alleged. *See id.* at 23 (referring singularly to "the counterclaim").

information" about Defendants from Schwab. Defendants do not allege what this "financial information" was, or provide any facts by which the Court could reasonably infer that the "financial information" was indeed confidential. If the financial information was not confidential, then there is no reason to infer that John impersonated Kurt in order to obtain it.

This gives way to another pleading deficiency, which is that Defendants have failed to allege facts that connect the brokerage search to the identity theft. How is the commissioned brokerage search, which revealed unspecified "financial information," related to John's alleged impersonation of Kurt? Why should John's acknowledgment that he received unspecified financial information from a search of top brokerage houses necessarily give rise to the inference that John impersonated Kurt? Did John use Kurt's personal information to conduct the brokerage house search? Why do Defendants believe this to be the case? There are simply no facts by which the Court could reasonably infer that the brokerage search and the identity theft are related.

The Court is left to speculate that the commissioned search of the brokerage houses resulted in confidential financial information from Schwab, and that John's impersonation(s) of Kurt somehow, at some point, secured that information. The facts leading to this speculation are not well-pled. In short, the allegations barely raise the "possibility that [John] has acted unlawfully," *Olson*, 784 F.3d at 1099, much less raise it "above a speculative level," *Kubiak*, 810 F.3d at 480.

Similarly, the Defendants' disjointed allegations invite the Court to speculate what injury may have occurred. While actual damages are not necessary to bring a cause of action under Wis. Stat. §§ 895.446, 943.201, Defendants must allege some injury or threat thereof that requires, if not

actual damages, then an injunction or declaratory relief to prevent future harm. *See e.g., Ardor*, 2009 WL 742758, at *3. Defendants' conclusory allegations that they have "suffered damage and loss by reason of John's intentional conduct," (Docket #69 ¶ 139), are no more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks*, 578 F.3d at 581; *see also Condol v. Balt. & O.R. Co.*, 199 F.2d 400, 402 (D.C. Cir. 1952) ("[A] complaint should at least indicate how the act or omission charged to the defendant caused the plaintiff's alleged injury or damages."). The Court cannot entertain suit for the sheer purpose of costs and fees under Wis. Stat. § 895.446(3)(b). *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) ("[A] plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit").

## 4. CONCLUSION

In light of the foregoing, John's motion to dismiss must be granted, and the counterclaim dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff John Dewey's motion to dismiss (Docket #72) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendants Kurt Bechthold and Mark Filmanowicz's counterclaim for violations of Wis. Stat. §§ 895.446, 943.201 be and the same is hereby **DISMISSED** without prejudice.

Dated at Milwaukee, Wisconsin, this 1st day of July, 2019.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge