# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NANCY DEWEY individually and as a trustee, THE NANCY DEWEY LIVING TRUST, THE NANCY DEWEY 2015 NEA GRANTOR RETAINED ANNUITY TRUST, THE NANCY DEWEY 2015 P&D GRANTOR RETAINED ANNUITY TRUST, THE IRREVOCABLE TRUST FOR THE GRANDCHILDREN OF NANCY AND DOUGLAS DEWEY, JOHN DEWEY individually and as a trustee, THE JOHN D. DEWEY LIVING TRUST, THE JOHN D. DEWEY IRREVOCABLE CHILDREN'S TRUST, THE ABIGAIL DEWEY IRREVOCABLE TRUST, THE ERIN DEWEY IRREVOCABLE TRUST, THE IAN DEWEY IRREVOCABLE TRUST, THE SHEAMUS DEWEY IRREVOCABLE TRUST, THE ABIGAIL DEWEY DESCENDANTS TRUST, THE ERIN DEWEY DESCENDANTS TRUST, THE IAN DEWEY DESCENDANTS TRUST, THE SEPARATE TRUSTS FOR IAN DEWEY, SHEAMUS DEWEY, ERIN DEWEY, ABIGAIL DEWEY, and THE SHEAMUS DEWEY DESCENDANTS TRUST, | Case No. 18-CV-1739-JPS<br><br>**ORDER** |
| Plaintiffs, | |
| v. | |
| KURT BECHTHOLD, MARK FILMANOWICZ, DAVID BECHTHOLD, PAYNE & DOLAN, INC., NORTHEAST ASPHALT, INC., CONSTRUCTION RESOURCES MANAGEMENT, INC., ZENITH TECH, INC., and TIMBERSTONE OF RICHFIELD, INC., | |
| Defendants. | |

On September 18, 2019, Plaintiffs filed a non-dispositive motion to compel compliance with the Court's inspection order, *see* (Docket #54), and various discovery obligations. (Docket #156). Specifically, Plaintiffs contend that Defendants have not provided access to the accounting records they seek or produced enough documents in response to their discovery requests. *Id.* at 2–3. Plaintiffs have produced over 17,000 documents, while Defendants have produced a mere 6,100 documents to date. (Docket #157 at 2; Docket #163 at 2). Plaintiffs explain that third party subpoena responses suggest that Defendants have been withholding relevant documents. (Docket #156 at 3; Docket #157-12 (emails with David Bechthold regarding companies' taxable income); Docket #157-13 (accounting information for Northeast Asphalt, Inc. and Payne & Dolan, Inc.)). Finally, Plaintiffs contend that Defendants have withheld information regarding damages to their counterclaim. (Docket #156 at 3–4).

In support of their motion, Plaintiffs filed over 250 pages of affidavits, email exchanges, and discovery responses that demonstrate Defendants' discovery deficiencies. *See* (Docket #157). Defendants swiftly responded, contending that it is an abuse of the process to use a non-dispositive motion to litigate a motion to compel, and requesting the matter be referred to Magistrate Joseph for further proceedings (which would include their own discovery dispute). (Docket #160). Plaintiffs replied, explaining that there is no time for full briefing on the motion to compel or for magistrate referral. (Docket #161). Not to be outdone, Defendants moved for leave to file a sur-reply, (Docket #162), claiming that Plaintiffs have contributed to the delay by rescheduling depositions, (Docket #163). Late in the day, Plaintiffs also moved for leave to file a sur-response,

(Docket #164), which reiterated their position and acquiesced to an expedited hearing, if deemed necessary, (Docket #165). Upon consideration of the parties' extensive written submissions, the Court finds that a hearing is unnecessary, and for the reasons which follow, the Plaintiffs' motion to compel will be granted.

Parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Evidence is relevant in a discovery context if it is relevant to the subject matter of the litigation as Rule 26(b)(1) states, not just the particular issues presented in the pleadings." *Eggleston v. Chi. Journeyman Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 903 (7th Cir. 1981).

From day one, Defendants have engaged in what can charitably be described as dilatory obfuscation. The time has come for them to comply with the Court's discovery order from March, and to engage, in good faith, with Plaintiffs in discovery. Defendants' contention that this issue has not been appropriately briefed or litigated is belied by the lengthy docket and the vast amount of Court resources already expended on this dispute. *See* (Docket #54, #75, and #86). Plaintiffs have provided ample evidence that Defendants have not been forthcoming with all relevant documents. *See e.g.*, Docket #157-12; Docket #157-13). This sufficiently illustrates an outcome that the last year has suggested: Defendants are hiding the ball. It strains credulity that Defendants—which include five companies—have found only 6,100 documents are relevant to the subject matter of this litigation, while Plaintiffs have produced nearly 20,000 documents. Finally, there is no discernable reason why, in light of the amended protective order, (Docket

#159), Defendants could not respond to Plaintiffs' requests regarding their counterclaim damages. In response to Plaintiffs' legitimate concerns, Defendants do nothing but dig their heels into the mud and attempt to stall proceedings further. Having reviewed the parties' submissions, the Court has determined that the appropriate course of action is to grant Plaintiffs' motion to compel.

When the Court grants a motion to compel, it will typically require the non-movant to pay the movant's "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). There are three exceptions to this rule:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. *Id.*

At this juncture, the Court sees no reason not to award fees to the Plaintiffs. There is no dispute that Plaintiffs attempted to confer with Defendants about the discovery deficiencies prior to seeking recourse with the Court. *See* (Docket #157-1, #157-7 to #157-11 ). No other exception is applicable. Defendants claimed that they fulfilled their obligations to Plaintiffs, and spent five lines of their response brief telling the Court that they "very much look forward to explaining" how hard they have worked to produce the relevant documents. (Docket #160 at 2). But a wiser use of their time and their clients' resources would have been to provide the Court with an explanation as to why they failed to produce clearly relevant documents that came to light, instead, from third parties, or to advance a colorable argument that the circumstances make the award of expenses

unjust. It seems, however, that Defendants' arsenal of arguments has been reduced to grumbling and blame-shifting. As discussed above, these discovery issues have been properly litigated—a significant portion of this case has been focused, in some way or another, on Defendants' obligation to provide Plaintiffs with the materials they need to value their shares. Not only that, but Defendants are reminded of their obligation to provide Plaintiffs with any material *that might reasonably lead to discoverable information*. They have failed to do so. In light of this, the Court will award Plaintiffs the costs and fees associated with this motion, which, fortunately, has taken only two days to resolve.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to compel (Docket #156) be and the same is hereby **GRANTED**; Defendants be and the same are hereby ordered to supplement their discovery responses and document production with all non-privileged documents reasonably related to the subject matter of the litigation;

**IT IS FURTHER ORDERED** that the parties' motions for leave to file sur-replies (Docket #162 and #164) be and the same are hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiffs be and the same are hereby awarded the reasonable costs and fees associated with their motion to compel.

Dated at Milwaukee, Wisconsin, this 23rd day of September, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge