# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NANCY DEWEY individually and as a trustee, THE NANCY DEWEY LIVING TRUST, THE NANCY DEWEY 2015 NEA GRANTOR RETAINED ANNUITY TRUST, THE NANCY DEWEY 2015 P&D GRANTOR RETAINED ANNUITY TRUST, THE IRREVOCABLE TRUST FOR THE GRANDCHILDREN OF NANCY AND DOUGLAS DEWEY, JOHN DEWEY individually and as a trustee, THE JOHN D. DEWEY LIVING TRUST, THE JOHN D. DEWEY IRREVOCABLE CHILDREN'S TRUST, THE ABIGAIL DEWEY IRREVOCABLE TRUST, THE ERIN DEWEY IRREVOCABLE TRUST, THE IAN DEWEY IRREVOCABLE TRUST, THE SHEAMUS DEWEY IRREVOCABLE TRUST, THE ABIGAIL DEWEY DESCENDANTS TRUST, THE ERIN DEWEY DESCENDANTS TRUST, THE IAN DEWEY DESCENDANTS TRUST, THE SEPARATE TRUSTS FOR IAN DEWEY, SHEAMUS DEWEY, ERIN DEWEY, ABIGAIL DEWEY, and THE SHEAMUS DEWEY DESCENDANTS TRUST, | Case No. 18-CV-1739-JPS<br><br>**ORDER** |
|                      Plaintiffs, | |
| v. | |
| KURT BECHTHOLD, MARK FILMANOWICZ, DAVID BECHTHOLD, PAYNE & DOLAN, INC., NORTHEAST ASPHALT, INC., CONSTRUCTION RESOURCES MANAGEMENT, INC., ZENITH TECH, INC., and TIMBERSTONE OF RICHFIELD, INC., | |
|                      Defendants. | |

Scott Nyholm, doing business as Scott Nyholm & Associates SC, ("Nyholm") is a financial services practitioner who has long provided tax preparation services to Defendants in the above-captioned case. On August 15, 2019, Plaintiffs served discovery requests on Nyholm, seeking emails between him and the Defendants, as well as tax returns and financial documents relating to the services that Nyholm provided Defendants.

On September 20, 2019, Nyholm sought relief from the Court regarding the request for (1) email correspondence between himself and Defendants; and (2) financial data in native format. (Docket #167). As to the first request, Nyholm explained that it was too burdensome for him, an independent practitioner, to compile all the relevant emails, particularly when the emails were discoverable from Defendants. As to the second request, Nyholm stated that he had already complied with the request by producing nearly 8,000 documents. He explained that he did not want to provide the files in native format because this would threaten to reveal certain proprietary formulae that he uses in his professional practice. Nyholm's motion is fully briefed and, as explained below, will be granted in part and denied in part.

Federal Rule of Civil Procedure 45(d)(3)(A)(iv) requires courts to quash a subpoena where it "subjects a person to undue burden." This aligns with Rule 26(c)'s provision that the court may issue protective orders on certain types of discovery to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). However, "conclusory statements of hardship are not sufficient." *Murillo v. Kohl's Corp.*, No. 16-CV-196, 2016 WL 6090862, at *2 (E.D. Wis. Oct. 18, 2016). Additionally, the court must "balance the interests served by demanding compliance with the subpoena against the interests furthered

by quashing it." 8 Cyclopedia of Federal Procedure § 26:15 (3d ed. July 2019 update). Courts consider factors such as "(1) the relevance of the information requested, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by the request, (5) the particularity with which the party describes the requested documents, and (6) the burden imposed." *Id.*; *Morrow v. Air Ride Techs., Inc.*, No. IP-005-113, 2006 WL 559288, at *2 (S.D. Ind. Mar. 6, 2006). When assessing burden, non-parties are "entitled to somewhat greater protection" than parties to the litigation. *Meta v. Target Corp.*, No. 15-MC-050, 2015 WL 7459981, at *2 (E.D. Wis. Nov. 24, 2015).

The documents that Plaintiffs seek from Nyholm are relevant because they pertain to the value of the companies and may reveal whether Defendants engaged in underhanded conduct with regard to the companies and their dealings with Plaintiffs. At the very least, they may reveal information that could point to otherwise relevant discoverable information. The need for these documents from Nyholm, specifically, is significant in light of Defendants' reticence in providing documents together with their practice of deleting emails older than two years. *See* (Docket #186 at 2); (Docket #194 at 5). The document requests are reasonably narrow both in scope and timeline—they relate to the services that Nyholm provided to Defendants (which, Nyholm explains, were primarily tax preparation services), and span a period of five years.

Therefore, Nyholm will be ordered to produce all emails with Defendants from the remainder of the five-year time period outside of Defendants' internal delete policy—i.e., before November 1, 2016. The Court will further order that Nyholm produce the proprietary native format documents Plaintiffs seek. *See* Fed. R. Civ. P. 45(e)(1)(A) (requiring

by quashing it." 8 Cyclopedia of Federal Procedure § 26:15 (3d ed. July 2019 update). Courts consider factors such as "(1) the relevance of the information requested, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by the request, (5) the particularity with which the party describes the requested documents, and (6) the burden imposed." *Id.*; *Morrow v. Air Ride Techs., Inc.*, No. IP-005-113, 2006 WL 559288, at *2 (S.D. Ind. Mar. 6, 2006). When assessing burden, non-parties are "entitled to somewhat greater protection" than parties to the litigation. *Meta v. Target Corp.*, No. 15-MC-050, 2015 WL 7459981, at *2 (E.D. Wis. Nov. 24, 2015).

The documents that Plaintiffs seek from Nyholm are relevant because they pertain to the value of the companies and may reveal whether Defendants engaged in underhanded conduct with regard to the companies and their dealings with Plaintiffs. At the very least, they may reveal information that could point to otherwise relevant discoverable information. The need for these documents from Nyholm, specifically, is significant in light of Defendants' reticence in providing documents together with their practice of deleting emails older than two years. *See* (Docket #186 at 2); (Docket #194 at 5). The document requests are reasonably narrow both in scope and timeline—they relate to the services that Nyholm provided to Defendants (which, Nyholm explains, were primarily tax preparation services), and span a period of five years.

Therefore, Nyholm will be ordered to produce all emails with Defendants from the remainder of the five-year time period outside of Defendants' internal delete policy—i.e., before November 1, 2016. The Court will further order that Nyholm produce the proprietary native format documents Plaintiffs seek. *See* Fed. R. Civ. P. 45(e)(1)(A) (requiring

documents to be produced "as they are kept in the ordinary course of business."). At the same time the Court finds it prudent to grant some measure of protection for these documents. Nyholm has suggested that the pre-existing protective order (Docket #71) is insufficient because he would seek to limit access to his native files to certain of Plaintiff's attorneys and experts, and for a very limited use. Accordingly, Nyholm will be directed to submit a proposed protective order to the Court setting forth such terms with specificity within seven (7) days of the entry of this Order.

Additionally, the Court also finds that Nyholm has established that he suffers a considerable burden—namely, time and expense—related to the aforementioned discovery requests. He has provided convincing argument that this discovery is affecting his ability to perform other of his principal professional obligations. While the need for discovery from Nyholm comes with significant time and expense, he ought not bear the brunt of the cost of production– particularly in litigation to which he is not even a party. In the end, trial courts have "considerable discretion in determining whether expense-shifting in discovery production is appropriate in a given case." Therefore, the Court will fashion a remedy to equitably apportion costs in this particular dispute. *Spears v. City of Indianapolis*, 74 F.3d 153, 158 (7th Cir. 1996). Plaintiffs will be obliged to reimburse Nyholm for the reasonable costs associated with his compliance with the request for production of documents in native format. Defendants, in turn, will be obliged to reimburse Nyholm for the reasonable costs associated with his compliance with the requests for production of emails not otherwise produced directly by Defendants.

Accordingly,

**IT IS ORDERED** that Nyholm's motion to quash Plaintiffs' subpoena or motion to issue a protective order (Docket #167) be and the same is hereby **GRANTED in part and DENIED in part**, as stated in the terms of this Order; and

**IT IS FURTHER ORDERED** that within seven (7) days of the entry of this Order, Nyholm submit a proposed protective order to the Court setting forth the terms of protection for the files in native format.

Dated at Milwaukee, Wisconsin, this 23rd day of October, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge